(No. 3463— )

AMANDA RASCHER, ADMINISTRATRIX OF THE ESTATE OF HENRY RASCHER, DECEASED, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

MILLER & SHAPIRO, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on the 23rd day of February, 1940, seeking an award for the death of Henry Rascher.

It states that the said Henry Rascher was an employee of the respondent as superintendent of the sewage disposal plant at Manteno State Hospital, Manteno, Illinois. That in performing his duties as such superintendent he received the sum of Eighty-one ($81.00) Dollars per month, amounting to the sum of Nine Hundred Seventy-two ($972.00) Dollars per annum. That during the course of his employment he contracted typhoid fever at said institution and as a result thereof died on August 30, 1939, leaving surviving him his widow, Amanda Rascher, who was wholly dependent upon him during his lifetime.

The complaint further avers that no medical services were furnished said deceased during his illness but that he was treated by Dr. O. A. Phipps, of Manteno, Illinois, until his death as aforesaid. That bills were incurred by the said deceased and his widow as follows:

For necessary items of medicine, blood tests, etc.............. $ 15.00
For funeral expenses........................................ 516.00
Now due and owing to the said Dr. O. A. Phipps for services
 rendered to deceased..................................... 53.00

That the respondent has not reimbursed the widow for these expenditures.

The complaint further avers that the respondent had notice of said injury on the 9th day of August, 1939, and that claim for compensation was made in the month of September, 1939, on the Managing Officer of the Manteno State Hospital, as provided by the Workmen's Compensation Act. Claim is made for the above expenditures plus the sum of Four Thousand ($4,000.00) Dollars as provided under the Workmen's Compensation Act for the death of this former State employee.

Evidence was taken on behalf of the claimant on the 23rd day of April, 1943. The evidence shows that the

averments in the complaint are substantially true. A stipulation has been filed in this case by the claimant, her attorney and the Attorney General by his assistant, which shows that the deceased was first employed by the respondent in August, 1930; that deceased's illness began August 14, 1939; that his rate of pay was Sixty-three ($63.00) Dollars per month plus maintenance estimated to be Eighteen ($18.00) Dollars; that he was classified as a laborer; that the sum of Thirty-four Dollars and Fifty-five Cents ($34.55) was paid deceased during the period of his illness for unproductive time, and that he died on August 30, 1939.

There is another stipulation filed herein that a typhoid epidemic existed at Manteno State Hospital, Manteno, Illinois, on July 10, 1939, to December 10, 1939. This court will take judicial notice and give full weight to each stipulation. This record lacks proof of marriage of Amanda Rascher to the deceased and documentary proof must be furnished the respondent within thirty days from the rendition of this opinion.

Under the evidence before it, the court makes the following finding of fact:

That at the time of the accident which resulted in the death of Henry Rascher the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State and notice of the accident and claim for compensation were made within the time provided by the Act and the court is of the opinion that the accident arose out of and in the course of his employment.

That the claimant seeks an award for medicines, blood tests, funeral expenses and doctors' services during the illness of the deceased.

Under the Workmen's Compensation Act the re-

spondent is required to furnish all necessary medical and hospital care for an injured employee but is not chargeable with the funeral expenses in a case such as this one. There is no proof in this record that the respondent failed or refused or that a request was made to the respondent to furnish medical or hospitalization for this deceased employee. Therefore, these items cannot be allowed.

Decedent had been employed by the respondent for more than one year prior to his death at a salary of Eighty-one ($81.00) Dollars per month, making his annual salary amount to the sum of Nine Hundred Seventy-two ($972.00) Dollars. His average weekly wage therefore was Eighteen Dollars and Sixty-nine Cents ($18.69) and his compensation rate Ten Dollars and Twenty-eight Cents ($10.28). At the time of his death, claimant, Amanda Rascher, his wife, was his sole dependent, and he had no children under the age of sixteen (16) years dependent upon him for support.

Claimant, therefore, is entitled to an award under Section 7(a) of the Workmen's Compensation Act in the sum of Three Thousand Eight Hundred Eighty-eight ($3,888.00) Dollars. An award is therefore made in favor of claimant, Amanda Rascher, in the sum of Three Thousand Eight Hundred Eighty-eight ($3,888.00) Dollars.

. The evidence shows that deceased had been paid the sum of Thirty-four Dollars and Fifty-five cents ($34.55) prior to his death for unproductive work, which must be deducted from the award, leaving a balance due claimant of Three Thousand Eight Hundred Fifty-three Dollars and Forty-five Cents ($3,853.45) to be paid by respondent in weekly installments for the use of the claimant. Two Thousand Two Hundred Ninety-two Dol-

lars and Forty-four Cents ($2,292.44), representing 223 weeks at the rate of Ten Dollars and Twenty-eight Cents ($10.28) per week has accrued as of November 9, 1943, and is payable forthwith in a lump sum. The remainder of said award, amounting to the sum of One Thousand, Five Hundred Ninety-five Dollars and Fifty-six Cents ($1,595.56) is payable in weekly installments of Ten Dollars and Twenty-eight Cents ($10.28) for 154 weeks and an additional final payment of Twelve Dollars and Forty-four Cents ($12.44).

This claim was filed by Amanda Rascher as administratrix of the estate of Henry Rascher, deceased. Under the provisions of the Workmen's Compensation Act, compensation for the death of an employee resulting from accidental death is payable to his beneficiaries, if any, as specified therein. This award therefore is made payable to Amanda Rascher, as the widow and sole dependent of Henry Rascher, deceased.

This court retains jurisdiction of this cause for the purpose of entering any further orders from time to time which may be necessary in this case.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."